UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/19/2022___

C.B., individually and on behalf of C.M., a child with a disability

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

1:20-cv-6914 (MKV)

**OPINION AND ORDER
GRANTING SUMMARY
JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff C.B., individually and on behalf of her minor child C.M., brought this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), to, *inter alia*, recover attorneys' fees and costs under the fee-shifting provisions of that statute in connection with this action and two underlying proceedings. Before the Court is Plaintiff's motion for summary judgment, seeking attorneys' fees and costs for work performed by her counsel at the Cuddy Law Firm. [ECF No. 17]. Defendant does not oppose Plaintiff's entitlement to reasonable attorneys' fees and costs, but disputes the reasonableness of the amount Plaintiff seeks. For the reasons stated herein, Plaintiff's motion is granted as set forth herein.

## BACKGROUND

The following facts are taken from the Parties' statements pursuant to Local Rule 56.1 and the admissible evidence submitted by the Parties in connection with Plaintiff's Motion for Summary Judgment.[1] The facts are undisputed unless otherwise noted. The Court construes the

---

[1] Pursuant to the Court's Individual Rules of Practice in Civil Cases, the Court adopts Local Civil Rule 56.1, pursuant to which the Defendant submitted a response to Plaintiff's Local Civil Rule 56.1 Statement of Material Facts. Local Civ. R. 56.1(a)-(b); *Monahan v. NYC. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (courts may adopt local rule "to carry out the conduct of its business"); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (summary judgment may be granted "on the basis of uncontested assertions in the moving party's Local Rule

facts "in the light most favorable" to the Defendant as the non-moving party.  *Torcivia v. Suffolk County*, 17 F.4th 342, 354 (2d Cir. 2021).

C.M. is the minor child of Plaintiff C.B.  56.1 ¶ 2.  C.M. resides in Kings County, New York, and is classified as a student with autism by the Defendant, the New York City Department of Education ("DOE").  56.1 ¶¶ 1, 4.  The request for legal fees in this action embraces two separate underlying proceedings.

**Case Number 166945.**  In June 2017, Plaintiff initiated an impartial due process hearing on behalf of C.M., alleging that the Defendant did not provide C.M. with a free appropriate public education ("FAPE") during the 2017-18 school year, to which C.M. is entitled under the IDEA.  56.1 ¶¶ 5-6.  Plaintiff submitted a due process complaint to the Defendant which sought as relief "compensatory academic, applied behavior analysis, occupational therapy, speech-language therapy and physical therapy services, as well as the addition of ten hours per week of applied behavior analysis to C.M.'s special education program."  56.1 ¶ 7.  Plaintiff also sought pendency placement at C.M.'s current school until the due process hearing was completed.  56.1 ¶ 7.

The matter was assigned case number 166945 ("Case No. 166945"), and an impartial hearing officer was appointed by the Defendant.  56.1 ¶¶ 8-9.  Thereafter, a pendency hearing was held in August 2017.  56.1 ¶¶ 8-10.  In January 2018, Plaintiff filed a two-page amended due process complaint, which sought additional relief "including the addition of group play/skills therapy to C.M.'s IEP, as well as funding for Applied Behavioral Analysis services that were provided by C.M. by a private provider."  56.1 ¶ 11; Cuddy Decl. ¶ 77.[2]

---

56.1 statement").  The Court cites to the Defendant's 56.1 statement [ECF No. 26] ("56.1") as it contains both Parties' assertions and responses, supported by citation and reference to the underlying record.

[2] Defendant does not dispute that Plaintiff filed an amended complaint, but argues that the amended complaint "requested that the DOE provide payment for the applied behavior analysis ordered" by an impartial hearing officer

The impartial hearing officer issued a pendency order in February 2018 directing the Defendant to continue C.M.'s placement at the current school.  56.1 ¶ 12.  In June and August 2018, the impartial hearing officer issued interim orders directing the Defendant to provide Plaintiff with individual counseling and home-based applied behavior analysis services.  56.1 ¶¶ 13-14.  The impartial hearing with respect to Case No. 166945 was held over the course of seven non-consecutive days.  56.1 ¶ 15 (hearings were held on February 26, 2018, April 30, 2018, May 31, 2018, August 6, 2018, September 21, 2018, October 17, 2018, and February 28, 2019).  Throughout the course of the hearings, Plaintiff "offered sixty-six pieces of documentary evidence" and "presented a total of four witnesses" in support of the claims in the due process complaint and amended due process complaint.  56.1 ¶ 16.  The DOE "offered thirteen pieces of documentary evidence" and "presented a total of one witness in defense of its recommended special education program for C.M."  56. ¶ 17.  After the hearings were completed, Plaintiff submitted a 30-page closing brief in support of the claims on behalf of C.M.  56.1 ¶ 18.  In May 2019, the impartial hearing officer issued a decision in favor of Plaintiff, finding that the DOE had denied C.M. a FAPE, and ordered relief.  56.1 ¶ 19.  Plaintiff then submitted a demand for attorney's fees to the Defendant, which the Defendant did not agree to pay.  *See* 56.1 ¶¶ 20-21.

**Case Number 177990.**  In September 2018, Plaintiff filed a separate due process complaint, alleging that the Defendant did not offer C.M. a FAPE during the 2017-18 and 2018-19 school years.  56.1 ¶¶ 22, 24.  As relief, Plaintiff sought referral for "enrollment in a New York State approved non-public school and 10 hours per week of home based applied behavior analysis."  56.1 ¶ 25.  The matter was assigned case number 177990 ("Case No. 177990"), and

---

in a prior dispute between the Parties.  *See* 56.1 ¶ 11; [ECF No. 27 ¶¶ 4, 9].  While the Court notes that the Parties disagree with respect to the characterization of the relief sought in the amended complaint, the dispute is not a material one which would preclude summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendant appointed the same impartial hearing officer as the one appointed to handle Plaintiff's prior due process complaint designated as Case No. 166945.  56.1 ¶¶ 23, 26.  In October 2018, the impartial hearing officer issued an interim order awarding C.M. a "one-to-one transportation paraprofessional and a one-to-one behavior management paraprofessional."  56.1 ¶ 27. Thereafter, the impartial hearing officer scheduled hearings in the matter for February 2019 and June 2019.  56.1 ¶¶ 28-29.  No representative of the Defendant appeared at the scheduled June 2019 hearing date, and Defendant "failed to provide any explanation as to their absence at that hearing."  56.1 ¶ 30.  In August 2019, the impartial hearing officer issued a Findings of Fact and Decision in favor of the Plaintiff, ordering the relief Plaintiff sought in her due process complaint.  56.1 ¶ 31.  Thereafter, in June 2020, Plaintiff submitted a demand for attorneys' fees for the fees incurred in Case No. 177990, which the Defendant has not settled.  56.1 ¶¶ 32-33.

## **PROCEDURAL BACKGROUND**

Plaintiff initiated this federal action in August 2020 [ECF No. 1], seeking an award of attorneys' fees for both proceedings pursuant to 20 U.S.C. § 1415(i)(3), and an order directing Defendant to comply with the decisions of the impartial hearing officer and implement the relief ordered by the officer.  By joint letter dated April 8, 2021 [ECF No. 15], the Parties informed the Court that they had resolved "all causes of action alleging the Defendant's failure to implement the relief ordered" in "case numbers 166945 and 17790," and represented that the only issue remaining was the "entitlement to reasonable attorney's fees and related expenses," which "[b]oth parties expect[ed] [would] be decided by way of summary judgment motion" if settlement discussions were unsuccessful.  Thereafter, the Court set a briefing schedule for any motion for summary judgment.  [ECF No. 16].  Pursuant to that schedule, Plaintiff moved for

summary judgment on the request for attorneys' fees under Federal Rule of Civil Procedure 56(a).  [ECF No. 17].[3]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict of the nonmoving party."  *Id.*

A court may conclude that there is no genuine dispute as to any material fact in three circumstances.  *See Johnson v. Nat'l Football League Players Ass'n*, No. 17-cv-5131 (RJS), 2019 WL 3531957, at *2 (S.D.N.Y. Aug. 2, 2019).  First, the parties agree on all facts (*i.e.*, there are no disputed facts).  Second, the parties disagree on some or all facts, but no reasonable fact-finder could accept the nonmoving party's version of the facts (*i.e.*, there are no *genuinely* disputed facts).  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–

---

[3] In support of the motion for summary judgment, Plaintiff submitted a Memorandum of Law [ECF No. 22] ("Mem."), a Local Rule 56.1 statement [ECF No. 18], and declarations in support by Andrew Cuddy [ECF No. 21] ("Cuddy Decl.") (attaching fourteen exhibits), Benjamin Kopp [ECF No. 19], and Kevin Mendillo [ECF No. 20].  Defendant filed an opposition to the total amount of fees sought [ECF No. 29] ("Opp."), a Rule 56.1 counterstatement [ECF No. 26], and a declaration in response by Emily Goldman [ECF No. 27].  Plaintiff thereafter filed a reply memorandum in support [ECF No. 30] ("Reply"); and a reply declaration in further support by Andrew Cuddy [ECF No. 31] ("Cuddy Reply Decl.") (attaching two exhibits).

87 (1986).  Third, the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would prevail as a matter of law (*i.e.*, none of the factual disputes are material).  *See Anderson*, 477 U.S. at 248.

In the context of a motion for summary judgment on attorneys' fees, Plaintiff has the burden of establishing with satisfactory evidence that the fee requested is appropriate.  *L.V. v. NYC DOE*, 700 F. Supp. 2d 510, 513 (S.D.N.Y. Mar. 31, 2010).

## DISCUSSION

Under the IDEA, a court "may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  Defendant does not dispute that Plaintiff is a "prevailing party" for purposes of the IDEA or an award of attorneys' fees.  *See* Opp. at 1 ("The DOE is not disputing that Plaintiff is entitled to recoup attorneys' fees and costs, as the Plaintiff was the prevailing party in the underlying administrative proceedings.").  Accordingly, the Court addresses only whether the fees sought are "reasonable."

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method." *Streck v. Bd of Educ.*, 408 F. App'x 411, 415-16 (2d Cir. 2010).  To calculate the lodestar, the Court must "multiply[] the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue."  *E.F. ex rel. N.R. v. NYC DOE*, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014) (citing *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).  In determining whether an hourly rate is reasonable, courts consider both the prevailing market rates for such legal services, as well as a twelve-factor test promulgated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's

customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019) (the "*Johnson* factors"). The Second Circuit has made clear that "[i]n determining an appropriate hourly rate [in an IDEA case], the district court should consider, among others, the *Johnson* factors." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014) (internal quotation marks omitted). Though the Court must take into account the *Johnson* factors, the Court "need not recite and make separate findings as to all twelve," provided that the Court "takes each into account in setting the attorneys' fee award." *E.F.*, 2014 WL 1092847, at *3 (internal citations omitted). As the party seeking the award, "the fee applicant bears the burden of establishing entitlement." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Court's determination of both a reasonable hourly rate and the hours reasonably expended requires an analysis of "case-specific variables." *Torres v. Gristede's Operating Corp.*, 519 F. App'x. 1 (2d Cir. 2013). While the Court has painstakingly reviewed the records submitted by both Parties, the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## I.   <u>SUMMARY OF FEES AND COSTS REQUESTED</u>

The Court summarizes the requested fees and costs as follows:

### A.   *Attorney and Paralegal Fees for the Underlying Actions*

**Case No. 166945.** For the administrative proceedings in Case No. 166945, Plaintiff seeks attorneys' fees for work performed by Andrew Cuddy, Lance Salisbury, Nina Aasen and Raul Velez. Cuddy Decl. ¶ 66. Plaintiff also seeks fees for work performed by paralegals

Allison Bunnell, Sarah Woodward, Shobna Cuddy, Cailin O'Donnell, Amanda Pinchak, John Slaski, and Rebecca Mills. Cuddy Decl. ¶ 66. Plaintiffs' request can be summarized as follows:

| Administrative Component for Case No. 166945 | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $550 | 2.5 | $1,375.00 |
| Lance Salisbury | $550 | 113.8 | $62,590.00 |
| Nina Aasen | $550 | 3.2 | $1,760.00 |
| Raul Velez | $375 | 0.2 | $75.00 |
| **Paralegal Fees** | | | |
| Allison Bunnell | $225 | 11.90 | $2677.50 |
| Sarah Woodard | $225 | 2.60 | $585.00 |
| Shobna Cuddy | $225 | 2.70 | $607.50 |
| Amanda Pinchak | $225 | 3.60 | $810.00 |
| Cailin O'Donnell | $225 | 0.20 | $45.00 |
| John Slaski | $225 | 0.60 | $135.00 |
| Rebecca Mills | $225 | 0.60 | $135.00 |

**Case No. 177990.** Plaintiff seeks attorneys' fees for work performed by their attorneys Andrew Cuddy, Lance Salisbury, and Nina Aasen, for services rendered in the underlying proceedings for Case No. 177990. Cuddy Decl. ¶ 66. Plaintiff also seeks fees for work performed by five paralegals: Allison Bunnell, Amanda Pinchak, Cailin O'Donnell, Shobna Cuddy, and Sarah Woodward. Cuddy Decl. ¶ 66. The requested fees are as follows:

| Administrative Component for Case No. 177990 | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $550 | 2.5 | $1,375.00 |
| Lance Salisbury | $550 | 21 | $11,550.00 |
| Nina Aasen | $550 | 3.6 | $1,980.00 |
| **Paralegal Fees** | | | |
| Allison Bunnell | $225 | 5.90 | $1,327.50 |

| Sarah Woodard | $225 | 0.20 | $45.00 |
| Shobna Cuddy | $225 | 2.40 | $540.00 |
| Cailin O'Donnell | $225 | 0.30 | $67.50 |
| Amanda Pinchak | $225 | 6.70 | $1507.50 |

**B.      Attorney Time Billed for Travel**

Plaintiff separately bills for time spent by Lance Salisbury for travel in connection with the underlying actions at $275 per hour.  Cuddy Decl. ¶ 66.  Salisbury billed thirty-nine and eight-tenths of an hour for travel to the proceedings involving Case No. 166945, and eight and three-tenths of an hour for travel to the proceedings involving Case No. 177990, for a total of $13,227.50 in requested attorneys' fees for time spent traveling.  Cuddy Decl. ¶ 66.

**C.      Attorney and Paralegal Fees for the Federal Action**

Plaintiff seeks attorneys' fees for work performed by Andrew Cuddy, Kevin Mendillo, and Michael Cuddy for services rendered in this federal proceeding.  Cuddy Reply Decl., Ex. A. Plaintiff also seeks fees for paralegal work performed by Shobna Cuddy, and Cailin O'Donnell. Cuddy Reply Decl., Ex. A.  The Plaintiff's request for fees in connection with this case are summarized as follows:

| Federal Proceeding | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $550 | 6.2 | $3,410.00 |
| Michael Cuddy | $550 | 4.4 | $2,420.00 |
| Kevin Mendillo | $450 | 54.3 | $24,435.00 |
| **Paralegal Fees** | | | |
| Shobna Cuddy | $225.00 | 10.90 | $2,452.00 |
| Cailin O'Donnell | $225.00 | 5.00 | $1,125.00 |

### D.    Costs for All Proceedings

Plaintiff also seeks the below costs incurred for faxes, printing, postage in the underlying proceedings, along with the $400.00 filing fee associated with this federal action.  Cuddy Decl. ¶ 66.

| Costs | | |
|---|---|---|
| | **Case No. 166945** | **Case No. 177990** |
| Fax | $58.00 | $4.00 |
| Postage | $14.48 | $1.88 |
| Printing | $773.50 | $5.00 |

*       *       *

The Court begins its analysis by first determining the reasonable hourly rates for the relevant timekeepers.  Next, the Court addresses the reasonableness of the hours recorded for work in connection with the underlying proceedings and this federal action.  Finally, the Court addresses the claimed costs, and Plaintiff's arguments that the Defendant unreasonably protracted this litigation.

## II.    CALCULATING THE REASONABLE HOURLY RATE

### A.  The Parties' Competing Positions on What Constitutes a Reasonable Rate

Plaintiff asks the Court to set a $550 hourly rate for Andrew Cuddy, Lance Salisbury, and Nina Aasen, a $450 hourly rate for Kevin Mendillo, and a $375 hourly rate for Raul Velez.  Cuddy Decl. ¶ 66; Cuddy Reply Decl., Ex. A.  Additionally, Plaintiff seeks a $225 hourly rate for all paralegals who performed work in the underlying proceedings and this case.  Cuddy Decl. ¶ 66; Cuddy Reply Decl., Ex. A.  Defendant argues that the claimed rates are unreasonable, exceed those prevailing in the market, and should be reduced under the *Johnson* factors to $350 per hour for Andrew Cuddy, Michael Cuddy, Lance Salisbury and $250 per hour for Mendillo.

*See* Opp. at 5-7.[4]  Defendant also argues that a reasonable hourly rate for the non-attorney

timekeepers would be $100 per hour.  Opp. at 7, 13.

**B.**      ***Specific Materials Considered***

      In determining a reasonable rate, the Court "must ascertain whether 'the requested rates

are in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation.'"  *Chambless*, 885 F.2d at 1058-59 (quoting *Blum v.

Stenson*, 465 U.S. 886, 896 n.11 (1984)); 20 U.S.C. § 1415(i)(3)(C).  "The reasonable hourly rate

is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying

client wishes to spend the minimum necessary to litigate the case effectively."  *Ortiz v. City of

New York*, 843 F. App'x 355, 359 (2d Cir. 2021).

      Recently, the "prevailing market rate for experienced, special-education attorneys in the

New York area has been between $350 and $475 per hour," while associates with "three or fewer

years of experience" in IDEA litigation typically have approved rates from $150 to $275 per

hour.  *Id.* (cleaned up) (collecting cases).  Paralegals and non-attorneys "generally garner

between $100 and $125 per hour in IDEA cases in this District."  *Id.* (internal quotation marks

omitted).  In connection with its motion for summary judgment, the Cuddy Law Firm provided a

description of each respective timekeeper's qualifications and background, which permits the

Court to assess the relative skill and experience of each individual.  *See generally* Cuddy Decl.

      Both Parties argue that the Court should consider awards rendered by other judges in this

District, and that those respective fee awards reinforce their requested rates and fees here.  Mem.

at 18-21; Opp. at 7-10.  However, while the Court may "take judicial notice of the rates awarded

---

[4] Defendant does not address what a reasonable rate for Nina Aasen or Raul Velez would be, instead arguing that the Court should utilize a $350 hourly rate for "Sterne."  Opp. at 7.  No timekeeper with the last name "Sterne" billed any time to the underlying proceedings or the federal action.

in prior cases," *Farbotko v. Clinton County*, 433 F.3d 204, 210-11 (2d Cir. 2005), a reasonable hourly rate is "not ordinarily ascertained simply by reference to rates awarded in prior cases." *id.* at 208.  Indeed, blind adherence to past awards may work to incorrectly stall fee awards at a certain hourly rate which has fallen out of step with those currently prevailing in the community. Further, were the Court simply to follow a particular award in a different case, taking place at a different time, involving different issues, the Court would shirk its responsibility to engage in a "case specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," *Fartboko*, 433 F.3d at 209; *M.H. v. NYC DOE*, 2021 U.S. Dist. LEXIS 190419, at *75-77 (S.D.N.Y. Oct. 1, 2021), as well as the other *Johnson* factors. However, the awards rendered by other judges in this district and their observations of rates provide an illustrative example of the going-rate for similar services.[5]

The Court has considered but gives comparatively less weight to other declarations and exhibits submitted by Plaintiff.  In particular, the Court does not weigh heavily the declaration by Benjamin Kopp [ECF No. 19], which summarizes claimed attorneys' fees in actions against the DOE.  Neither the summary, nor Mr. Kopp (who did not serve as counsel to Plaintiff here), explicates how the collection of fees attorneys sought in other IDEA litigation, involving different parties and issues, is similar or dissimilar to the work involved, the worker's skill level or expertise, the complexity of the issues, or other aspects of the present litigation.  *M.H.*, 2021 U.S. Dist. LEXIS 190419, at *33-34 ("The declaration by another attorney in the IDEA area also

---

[5] On reply, Plaintiff raised for the first time that their asserted hourly rates were below that which the DOE paid an outside contractor to defend fees-only federal IDEA litigation.  Reply at 4; [ECF No. 31-2] (the "Retainer").  It is settled law that "[t]his Court generally will not consider arguments raised for the first time in a reply brief." *Patterson v. Balsamico*, 440 F.3d 104, 113 n. 5 (2d Cir. 2006).  The Court notes that Plaintiff obtained the Retainer from the DOE through a FOIL request in April 2021, but did not include any mention of it in the Memorandum in Support of Summary Judgment filed two months later.  Cuddy Reply Decl. ¶ 8; ECF No. 22.  Accordingly, the Court does not consider or address the DOE Retainer or the Plaintiff's arguments with respect to it.

is of some, albeit limited, value.  Accepting the claims in the declaration as true because they are undisputed, at most they show the rates that one attorney believes are reasonable."); *A.G. v. NYC DOE*, 2021 U.S. Dist. LEXIS 201748, at *17 & n.4 (S.D.N.Y. Oct. 19, 2021).  For similar reasons, Exhibit D to the Cuddy Declaration, which contains a "table displaying IDEA fee awards amounts in the Southern District of New York since 1998," Cuddy Decl. ¶ 6 and Ex. D, is of limited value in that it does not attempt to relate the cited cases to the one currently before the Court.  Both items also express an improper legal conclusion on the ultimate legal issue of whether the Plaintiff's requested fees are reasonable.  *See Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992), *see also K.O. v. NYC DOE*, 2022 WL 1689760, at *11 (S.D.N.Y., May 26, 2022) (expert report on fees was "of limited weight" because it "offers advice on an ultimate issue before the Court and thus is not admissible.").  Accordingly, the declarations are nothing more than a datapoint regarding awards sought or rendered by other judges, which, as noted, are a reference regarding going-rates for similar services, albeit untethered to other relevant considerations.

## C.    *Application*

The Court has carefully considered the evidence submitted and all *Johnson* factors in its analysis for each timekeeper.  The Court's discussion centers on the facts the Court finds most dispositive.  After considering the evidence submitted by each party, along with the *Johnson* factors, the Court concludes that a rate of $400 per hour for Andrew Cuddy, Michael Cuddy, Lance Salisbury and Nina Aasen, and $250 per hour for Kevin Mendillo is reasonable in this case.[6]  Those rates are consistent with the prevailing rate in the community and are an amount that a reasonable client would pay based on their respective skill, experience, and reputation.

---

[6] The Court, in its discretion, declines to award any fees for the work performed by Raul Velez.  Velez billed two-tenths of an hour for work in the underlying proceeding with respect to Case No. 166945.  Cuddy Decl. ¶ 66.

Andrew Cuddy is an experienced and skilled IDEA attorney.  He graduated from SUNY Buffalo School of Law in 1996 and was admitted to practice in New York that same year. Cuddy Decl. ¶ 48-49.  For the last two decades, Andrew Cuddy has litigated "hundreds of special education due process hearings," and is an experienced special education law practitioner. Cuddy Decl. ¶¶ 52-53.  He is the author of *The Special Education Battlefield: A Parent's Guide to the Impartial Due Process Hearing*.  Cuddy Decl. ¶ 54.

Michael Cuddy also graduated from SUNY Buffalo School of law, and has practiced special education law for over a decade.  Cuddy Decl. ¶ 26.  Prior to his work as an attorney, Michael Cuddy worked as a teacher and school district administrator.  Cuddy Decl. ¶ 26. Michael Cuddy oversaw the monitoring of the relief awarded in both underlying proceedings. Cuddy Decl. ¶ 26.

Lance Salisbury is a graduate of the University of Iowa, where he received both his Bachelor of Arts and Masters of Arts, and Cornell University, where he received his juris doctorate.  Cuddy Decl. ¶ 23.  Since 2001, Salisbury has maintained a private practice focusing on criminal and education law.  Cuddy Decl. ¶ 23.  Since 2005, Salisbury has also served as an adjunct professor of law at the Cornell Law School Legal Aid Clinic.  Cuddy Decl. ¶ 23. Salisbury served as lead counsel in both of the underlying administrative proceedings.  Cuddy Decl. ¶ 23.

Nina Aasen is a 1990 graduate of the Syracuse University College of Law.  Cuddy Decl. ¶ 25.  Before working as an attorney, Aasen spent thirteen years as an elementary school teacher

---

Plaintiff's timesheets state that the billed time was for reviewing a letter sent by the Defendant and e-mailing Lance Salisbury about said letter.  [ECF No. 21-1 at 24].  Because the work performed was clerical in nature and otherwise *de minimis*, the Court does not calculate a reasonable rate for Velez or award any fees for his work.

14

in New York.  Cuddy Decl. ¶ 25.  She has practiced education law and family law since 1994.

Cuddy Decl. ¶ 25.

Kevin Mendillo is a graduate of the SUNY Buffalo School of Law.  Cuddy Decl. ¶ 24.

He has practiced special education law for over seven years and has litigated "nearly 30 federal

fee cases."  Cuddy Decl. ¶ 24.  Mendillo served as lead counsel in this fees-only federal action.

Cuddy Decl. ¶ 24.

Turning to the non-attorney timekeepers, the Court concludes that a reasonable hourly

rate of $125 per hour is appropriate for Shobna Cuddy, Amanda Pinchak, Sarah Woodward, John

Slaski, and $100 per hour for the remaining non-attorneys is appropriate.  "Paralegals, depending

on skills and experience, have generally garnered between $100 and $125 per hour in IDEA

cases in this District."  *A.B. v. NYC DOE*, 2021 WL 951928, at *7 (S.D.N.Y. Mar. 13, 2021).

"Paralegals with evidence of specialized qualifications typically receive $120-or $125-per-hour.

Where plaintiffs have failed to provide evidence showing that a paralegal has special

qualifications in the form of formal paralegal training, licenses, degrees, or certifications or

longer paralegal experience, courts have typically awarded fees at the lower rate of $100-per-

hour for that paralegal."  *Id.* (internal citations and quotations omitted).

Cuddy, Pinchak, Woodward, and Slaski all have relevant skills or experience that warrant

a slightly higher rate in this case.  Shobna Cuddy has served as a paralegal with the Cuddy Law

Firm since 2007.  Cuddy Decl. ¶ 28.  Amanda Pinchak worked for the Cuddy Law Firm for three

years, and possesses a "24-credit-hour paralegal certificate."  Cuddy Decl. ¶ 32.  Sarah

Woodward worked for nine years as a legal assistant before joining the Cuddy Law Firm, where

she has worked as a paralegal for three years.  Cuddy Decl. ¶ 31.  John Slaski worked for a

number of years as a legal assistant and received his Juris Doctorate from Case Western Reserve

University Law School in 2018.  Cuddy Decl. ¶ 34.  The remaining non-attorney timekeepers have comparatively limited paralegal experience, and their respective qualifications are not specialized or relevant here.  *See H.C. v. NYC DOE*, 2021 WL 2471195, at *7 (S.D.N.Y. June 17, 2021); *A.B.*, 2021 WL 951928, at *7.

The Court's conclusion of the reasonable rate for each timekeeper also is intended to take into account the time period during which the services were performed, as well as the delay counsel has experienced in being paid, the "the time and labor required," and degree of "novelty and difficulty of the questions involved."  *Lilly*, 934 F.3d at 228.  The underlying proceedings, while critically important to vindicated Plaintiff's rights, were straightforward and minimally contested by the Defendant, which introduced only thirteen pieces of evidence and one witness. 56.1 ¶ 17. c*f. C.B. v. NYC DOE*, 2019 U.S. Dist. LEXIS 111636, at *14-15 (S.D.N.Y. July 2, 2019).  At the federal level the Parties engaged in minimal motion practice and attended no hearings.

*     *     *

In sum, the Court awards a reasonable hourly rate as follows: $400 per hour for Andrew Cuddy, Michael Cuddy, Nina Aasen and Lance Salisbury,[7] $250 per hour for Kevin Mendillo, $125 per hour for Shobna Cuddy, Amanda Pinchak, Sarah Woodward, John Slaski, and $100 per hour for the remaining non-attorneys.

---

[7] Because the Court has reduced Mr. Salisbury's hourly rate to be $400, rather than the requested $550, the Court reduces Mr. Salisbury's travel rate to $200.  *See C.D. v. Minisink Valley Central School Dist.*, 2018 WL 3769972, at *10 (S.D.N.Y. Aug. 9, 2018) ("Courts generally approve fees, at 50% of an attorney['s] usual rate, for reasonable travel conducted in service of ongoing litigation"); Cuddy Decl. ¶ 66 (seeking 50% of the claimed hourly rate for travel time).

### III.     CALCULATING THE HOURS REASONABLY EXPENDED

After determining the reasonable hourly rate, the Court must determine a reasonable number of hours billed, which requires a "conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).  "If the court finds that the fee applicant's claim is excessive or insufficiently documented, or that time spent was wasteful or redundant, the court may decrease the award, either by eliminating compensation for unreasonable hours or by making across-the-board percentage cuts in the total hours for which reimbursement is sought."  *Wise v. Kelly*, 620 F. Supp. 2d 435, 442 (S.D.N.Y. 2008); *A.B*, 2021 WL 951928, at *7.  A court is permitted to "use estimates in calculating and allocating an attorney's time," because the "essential goal in shifting fees" is "to do rough justice, not to achieve auditing perfection."  *Fox*, 563 U.S. at 838; *see also id.* (in reviewing the hours expended, courts should not "become green-eyeshade accountants.").

The Cuddy Law Firm billed 146.8 hours in attorney time and 37.70 hours in paralegal time for the administrative proceedings, and 64.9 hours in attorney time and 16.80 hours in paralegal time for the federal proceedings.  Cuddy Decl. ¶ 66; Cuddy Reply Decl., Ex. A.  In support of the asserted hours, the Cuddy Law Firm has provided its timesheets for each respective action.  [ECF No. 21-1] (the "166945 Timesheet"); [ECF No. 21-2] (the "177990 Timesheet"); [ECF No. 31-1] (the "Fed. Timesheet").  The DOE argues that the reported hours at both stages were excessive and unreasonable, warranting a thirty-five percent reduction in fees in the underlying actions, and an eighty percent reduction in fees for the federal action.  Opp. at 16-22.

The Court has carefully reviewed the hours billed by Plaintiff's counsel and timekeepers in connection with the administrative proceedings and this federal litigation.  Based upon a

review of the Parties' submissions, and in consideration of the arguments made therein, the Court concludes that a reduction of certain hours in the underlying proceedings, and an across-the-board reduction of thirty percent in the federal litigation is warranted.  *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks omitted).

**Underlying Proceedings.**  The Court agrees with the Defendant's arguments that the time billed to draft the underlying due process complaints, such as three hours to draft the three-page amended due process complaint, and almost seven-and-a-half hours spent on an unsubmitted second amended due process complaint are excessive.  Opp. at 16; *see generally* 166945 Timesheet; 177990 Timesheet.  The underlying complaints were straightforward recitations of the child's educational history and relief sought, and did not raise novel or complex issues.  Cuddy Decl. Exs. E, F, L.  Indeed, Salisbury (lead counsel in the underlying proceedings) was well versed in C.M.'s case, having just litigated on the child's behalf the year prior.  *See C.B.*, 2019 U.S. Dist. LEXIS 111636, at *14-15.  Accordingly, the Court will reduce the hours Salisbury billed for preparation of the due process complaints from 12.7 hours, 166945 Timesheet at 1-2, to 5 hours for the 166945 due process complaint, and from 6.4 hours billed by Salisbury for the unsubmitted complaint to 1.5 hours.  166945 Timesheet at 13.[8]  Defendants further object to the almost 12 hours billed to draft the 30-page closing brief for Case No. 166945.  Opp. at 18-19; 166945 Timesheet at 19-20 (billing 11.5 hours).  The Court agrees that the time spent on the post-closing brief, Cuddy Decl., Ex. J., which contains information and

---

[8] Defendant further argues without citation to the record that three hours to draft the three-page amended due process complaint is excessive.  However, in reviewing the submitted timesheets, the Court can find only 1.4 hours attributable to Salisbury for that task, which the Court views as reasonable.  166945 Timesheet at 6.  As such, no reduction is warranted.

case law already contained in the due process complaints, is somewhat excessive and the time spent preparing the brief should be reduced to ten hours.  *See e.g. R.G.*, 2019 U.S. Dist. LEXIS 166370, at *10 (Sept. 26, 2019) (reducing time spent on 19-page post-closing brief from 24.5 hours to 15 hours).

The Court does not agree with Defendant that the time billed for hearing preparations in the underlying proceedings was excessive.  Opp. at 17.  The Defendant argues that the 6.8 hours billed for the February 2018 hearing, which lasted two hours, is excessive.  According to the Defendant, the 1.9 hours of combined attorney and paralegal time to prepare for the 1.25 hour-long May 2018 hearing; and the 8 hours billed to prepare for the 1.4 hour-long August 2018 hearing are also indicative of unreasonable billing practices.  Opp. at 17.  Having reviewed the relevant timesheets and underlying material, the Court concludes that the time billed on these tasks is consistent with what a reasonable and diligent attorney would expend to prepare for an upcoming hearing, and no reduction is warranted.

**Federal Litigation.**  Plaintiff seeks a total of 64.9 hours in attorneys' time, and 15.9 hours in paralegal time for this federal proceeding.  The federal component was extremely straightforward—the Parties resolved all disputes (save the instant attorneys' fee request) without Court intervention.  The Complaint in this case [ECF No. 1] is a standard IDEA complaint which contains largely the same information Plaintiff already had prepared for the underlying due process complaints.  Cuddy Decl. Exs. E, F, L.  Further, the declarations and affidavits submitted in support of the fees request in this case are of the kind routinely submitted

by the Cuddy Law Firm in multiple cases.  *See C.B. v. NYC DOE*, 2019 U.S. Dist. LEXIS 111636, at*23 (noting CLF use of "cookie-cutter" complaints).[9]

The IDEA enshrines the right to receive reasonable attorneys' fees and costs incurred in a federal court action related to the vindication of a child's educational rights.  *See C.D. v. Minisink Valley Central School District*, 2018 WL 3769972, at *11 (S.D.N.Y. Aug. 9, 2018). The Supreme Court has emphasized that "the determination of fees should not result in a second major litigation."  *Fox v. Vice*, 563 U.S. 826, 838 (2011); *Restivo v. Hesseman*, 846 F.3d 547, 589 (2d Cir. 2017).  Accordingly, recent cases in this District have reduced the hours that a firm spent litigating attorney's fees between twenty-five percent to fifty percent.  *See M.M. v. NYC DOE*, 2022 U.S. Dist. LEXIS 137319, at *28 (S.D.N.Y. Aug. 2, 2022) (collecting cases).   R.P., 2022 U.S. Dist. LEXIS 76873, 2022 WL 1239860, at *7.  Having reviewed the time Plaintiff billed and in light of the straightforward nature of this federal proceeding, the Court concludes that a twenty-five percent reduction in federal fees is reasonable.  The reduction reflects the Court's view that the hours billed with respect to the fees litigation is excessive.

\*        \*        \*

In sum, The Court finds that a modest reduction of a total of 16.1 hours to the hours Salisbury billed in the underlying proceedings, and an across-the-board reduction of twenty-five percent of the hours devoted to the federal action is necessary to bring the fee request into line with reasonable billing practices.  *H.A.*, 2022 U.S. Dist. LEXIS 33561, at *30-31 (collecting cases).

---

[9] For example, Plaintiffs filed a Declaration of Benjamin Kopp [ECF No. 19], which compiles IDEA attorneys' fees rates.  That Declaration is routinely filed by the Cuddy Law Firm in multiple actions.  *See, e.g., Y.S. v. NYC DOE*, 1:21-cv-00711, ECF No. 80 ¶¶ 137-43.

## IV.    CALCULATING THE COSTS

In addition to fees, a district court may award reasonable costs to the prevailing party in IDEA cases.  20 U.S.C. § 1415(i)(3)(B)(i)(I)).  Plaintiff seeks $845.98 for the administrative component of Case No. 166945, $10.88 for the administrative component of Case No. 177990, and $400 in filing fees for this federal action.  Cuddy Decl. ¶ 66.

Defendant argues that the claimed printing costs for each action are unreasonable because the "'going-rate' for photocopying is $0.10 per page," and Plaintiff is "not entitled to reimbursement for fax charges.  Opp. at 22.  The Court agrees that the costs of faxes should not be shifted to the Defendant, as the record does not reflect that the it was necessary or reasonable to send the information by fax.  *See R.G. v. NYC DOE*, 2019 U.S. Dist. LEXIS 166370, at *15 (S.D.N.Y. Sept. 26, 2019) ("Because no rational client would pay to fax documents that could be transmitted for free via email, the $16 in fax costs is not reimbursable."); *H.A.*, 2022 U.S. Dist. LEXIS 33561, at *32 (declining to deduct fax costs where plaintiff "explained that DOE requires records requests to be submitted by fax").  The Court also agrees that $0.50 per page for printing is excessive, absent explanation or indication in the record why copies would require such an expense, but agrees that $0.10 per page would be too low.  The Court therefore reduces the reimbursable printing expenses to the reasonable rate of $0.15 per page.[10]  *See R.G.*, 2019 U.S. Dist. LEXIS 166370 at *15 (finding $.50 per page excessive, and that "$0.10 per page continues to be entirely reasonable compensation for printing costs, absent any indication in the record why the copies in this case are exceptionally expensive.").

---

[10] The Cuddy Law Firm printed a total of 1,547 pages in connection with the proceeding for Case No. 166945, [ECF No. 21-1] and 10 pages in connection with the proceeding for Case No. 177990, [ECF No. 21-2].  At a rate of $0.10 per page, the Court will award a total of $232.05 and $1.50 for the respective proceedings, totaling $233.55.

Defendant does not object to the costs claimed for postage or filing fees, and accordingly the Court will award those costs. *See A.G. v. NYC DOE*, 2021 U.S. Dist. LEXIS 201748, at *31 (S.D.N.Y. Oct. 19, 2021) ("Without particularized objections, the Court declines to reduce the costs sought for being excessive.").

## V.     UNREASONABLE PROTRACTION

Finally, Plaintiff argues that the Court is without authority to reduce the requested fee award because Defendant unreasonably protracted final resolution of this action. Mem. at 9. 20 U.S.C. § 1415(i)(3)(G) states that the "provisions of subparagraph (F)"—pursuant to which the Court "shall" make mandatory reductions—"shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding."

As a preliminary matter, the Court notes that even if the Court agreed that Defendant's actions unreasonably protracted this litigation, the law is not that the Court therefore *must* grant *all* of the Plaintiff's requested fees. *See H.A.*, 2022 U.S. Dist. LEXIS 33561, at *33 ("Such a declaration would not serve any functional purpose, as the Court's parsing of the fee request here has identified numerous components that would have required pruning whether or not the City unreasonably delayed the proceeding."). The plain language of the IDEA mandates that the Court grant—in its discretion—only those fees that are *reasonable*. 20 U.S.C. § 1415(i)(3)(B)(i). The IDEA commands that the Court base fees "on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Thus, while certain enumerated sections of the IDEA warrant mandatory reduction, and 1415(i)(3)(G) would except those reductions, the Court must nonetheless determine what a reasonable fee would be in the first instance *before* making any mandatory reductions. This reading comports with other courts that have squarely addressed the issue,

22

including opinions in this District that have rejected the argument the Cuddy Law Firm renews here. *Somberg v. Utica Cmty. Schs.*, 908 F.3d 162, 180-82 (6th Cir. 2018); *Williams v. Fulton Cty. Sch. Dist.*, 717 F. App'x 913, 916-17 (11th Cir. 2017); *D.P. v. NYC DOE*, 2022 U.S. Dist. LEXIS 5002, at *30 (S.D.N.Y. Jan. 10, 2022); *M.H.*, 2021 U.S. Dist. LEXIS 190419, at *75-77 (collecting cases).

To be clear, the Court has observed that the Department of Education is a repeat-offender in IDEA cases, and that parents are not infrequently unjustly forced to seek judicial intervention to protect the guarantee of a free appropriate public education for children. However, Plaintiff has not provided evidence that in this case the Defendant unreasonably protracted the underlying proceedings or this litigation, and the Court declines to make such a finding.

### CONCLUSION

For the reasons stated above, the Court grants Plaintiff Motion for Summary Judgment and awards attorneys' fees and costs as described in Exhibit A to this Opinion and Order and as follows: 1) attorneys' fees in the aggregate amount of $80,818.13, 2) costs in the amount of $711.91, 3) post-judgment interest at the applicable statutory rate from the date judgment is entered. *See* 28 U.S.C, § 1961; *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017).

The Clerk of the Court respectfully is requested to enter judgment, terminate the Motion at [ECF No. 17], and close this case.

**SO ORDERED.**

**Date:  August 19, 2022**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

# EXHIBIT A

| **Administrative Component for Case No. 166945** | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $400 | 2.5 | $1,000.00 |
| Lance Salisbury | $400 | 97.7 | $39,080.00 |
| Lance Salisbury (travel) | $200 | 39.8 | $7,960.00 |
| Nina Aasen | $400 | 3.2 | $1,280.00 |
| **Paralegal Fees** | | | |
| Allison Bunnell | $100.00 | 11.90 | $1190.00 |
| Sarah Woodard | $125.00 | 2.60 | $325.00 |
| Amanda Pinchak | $125.00 | 3.60 | $450.00 |
| Shobna Cuddy | $125.00 | 2.70 | $337.50 |
| Cailin O'Donnell | $100.00 | 0.20 | $20.00 |
| John Slaski | $125.00 | 0.60 | $75.00 |
| Rebecca Mills | $100.00 | 0.60 | $60.00 |
| **Grand Total Case No. 166945** | **$51,777.50** | | |

| **Administrative Component for Case No. 177990** | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $400 | 2.5 | $1,000.00 |
| Lance Salisbury | $400 | 21 | $8,400.00 |
| Lance Salisbury (travel) | $200 | 8.3 | $1660.00 |
| Nina Aasen | $400 | 3.6 | $1,440.00 |
| **Paralegal Fees** | | | |
| Allison Bunnell | $100.00 | 5.90 | $590.00 |
| Sarah Woodard | $125.00 | 0.20 | $25.00 |
| Shobna Cuddy | $125.00 | 2.40 | $300.00 |
| Cailin O'Donnell | $100.00 | 0.30 | $30.00 |
| Amanda Pinchak | $125.00 | 6.70 | $837.50 |
| **Grand Total Case No. 177990** | **$14,282.50** | | |

| Federal Proceeding | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $400 | 6.2 | $2,480.00 |
| Kevin Mendillo | $250 | 54.3 | $13,575.00 |
| Michael Cuddy | $400 | 4.4 | $1,760.00 |
| **Paralegal Fees** | | | |
| Shobna Cuddy | $125.00 | 10.90 | $1,362.50 |
| Cailin O'Donnell | $100.00 | 5.00 | $500.00 |
| | | | |
| Total | $19,677.50 | | |
| 25% Reduction | $19,677.50 * .75 | | |
| **Grand Total Federal Proceeding** | **$14,758.13** | | |

| Costs | | |
|---|---|---|
| | **Case No. 166945** | **Case No. 177990** |
| Fax | $58.00 | $4.00 |
| Postage | $14.48 | $1.88 |
| Printing | $232.05 | $1.50 |
| | | |
| Total | $304.53 | $7.38 |
| Federal Costs | $400.00 | |
| **Grand Total of Costs** | **$711.91** | |